UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

CAPWEALTH ADVISORS, LLC,
TIMOTHY J. PAGLIARA, AND
TIMOTHY R. MURPHY,

          Defendants.

Case No. 3:20-cv-01064

JUDGES
CRENSHAW/FRENSLEY

JURY TRIAL DEMANDED

## INITIAL CASE MANAGEMENT ORDER

A.    **JURISDICTION:** The court has jurisdiction pursuant to Section 214(a) of the Investment Advisers Act of 1940 [15 U.S.C. §80b-14(a)].

B.    **BRIEF THEORIES OF THE PARTIES**:

For Plaintiff: Defendants violated the securities laws by: 1) failing to disclose adequately the material conflicts of interest arising from their receipt of fees pursuant to Rule 12b-1 under the Investment Company Act of 1940 ("12b-1 fees") when purchasing, recommending or holding for advisory clients mutual fund share classes that charged 12b-1 fees even though lower-cost share classes of the same funds were available; and 2) breaching their duty to seek best execution for their clients by investing them in higher cost share classes of mutual funds when lower cost share classes were available. Defendant CapWealth Advisors, LLC also

1

violated the securities laws by failing to implement policies and procedures to prevent violations of the securities laws and the rules thereunder in connection with its mutual fund share class selections.

For Defendants: The defendants did not violate the Investment Advisers Act of 1940, 15 U. S. C. § 80b (the "Advisers Act") in any respect. The individual defendants, Timothy J. Pagliara ("Pagliara") and Timothy R. Murphy ("Murphy") adequately disclosed to each client of CapWealth Advisors, LLC ("CapWealth") all facts material to the purchase of the shares of mutual funds about which the plaintiff complains. In addition, each individual defendant, to the extent the concept of "best execution" even applies to the purchase of mutual funds, which is denied, obtained best execution with respect to each purchase of mutual funds about which the plaintiff complains. Contrary to plaintiff's claims, CapWealth did not violate Section 206(4) of the Advisers Act [15 U. S. C. §80b-6(4)] and Rule 206(4)-7 thereunder [17 C. F. R. §275.206(4)-7] in any respect. CapWealth adopted and implemented written policies and procedures reasonably designed to prevent violations of the Advisers Act. The plaintiff is not entitled to any relief against any defendant, including any remedy of disgorgement or any civil fine or any injunctive relief.

C. **ISSUES RESOLVED**: Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE**:

1. Whether any defendant, in violation of Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(2)], failed to disclose adequately to any investor any material conflict of interest arising from any defendant's receipt of fees pursuant to Rule 12b-1 under the Investment Company

2

Act of 1940 ("12b-1 fees") in connection with the purchase or holding of any mutual funds.

2.  Whether any defendant had or breached any duty under Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)] to seek "best execution" in connection with the purchase of any mutual fund that paid any 12b-1 fees to such defendant.

3.  Whether Defendant CapWealth, in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7], failed to adopt and implement written compliance policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules thereunder in connection with its mutual fund share class selection practices.

4.  Whether Plaintiff is entitled to relief in the form of injunctions against Defendants.

5.  Whether Plaintiff is entitled to recover disgorgement and prejudgment interest from Defendants Pagliara and Murphy and the amount of any such disgorgement and prejudgment interest.

6.  Whether Plaintiff is entitled to relief in the form of a civil penalty against each of the Defendants and the amount of any such penalty.

E. **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 30 days of the initial case management conference.

F. **CASE RESOLUTION PLAN AND JOINT ADR REPORTS**: The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the

Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. By no later than June 30, 2021, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of dispositive motions.

G. **DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before November 2, 2021. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than Oct 1, 2021.

H. **MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties shall be filed by no later than April 2, 2021.

I. **DISCLOSURE OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 1, 2021. The defendant shall identify and disclose all expert witnesses and reports on or before November 2, 2021. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

J. **DEPOSITIONS OF EXPERT WITNESSES**: All experts shall be deposed by no later than November 30, 2021.

K. **SUBSEQUENT CASE MANAGEMENT CONFERENCE**. A subsequent case

management conference shall be held on July 8, 2021, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

L. **DISPOSITIVE MOTIONS**: Dispositive motions shall be filed by no later than January 31, 2022. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

M. **ELECTRONIC DISCOVERY**. The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The jury trial of this action is expected to last approximately 10 days. A trial date no earlier than June 13, 2022, is respectfully requested.

It is so ORDERED.

_____
JEFFREY S. FRENSLEY
United States Magistrate Judge

APPROVED FOR ENTRY:


*/s/ Kristin W. Murnahan*
Attorney for Plaintiff



*/s/ Eugene N. Bulso, Jr.*
Attorney for Defendants

6

Case 3:20-cv-01064   Document 17   Filed 02/23/21   Page 6 of 6 PageID #: 285