IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br>     Plaintiff, <br><br> v. <br><br><br> CAPWEALTH ADVISORS, LLC, <br> TIMOTHY J. PAGLIARA, AND <br> TIMOTHY R. MURPHY, <br>     Defendants. | Civil Action No. 3:20-cv-1064 <br> Chief Judge Crenshaw/Frensley <br> Jury Demanded |

## INITIAL CASE MANAGEMENT ORDER

**A.** **JURISDICTION:** The court has jurisdiction pursuant to Section 214(a) of the Investment Advisers Act of 1940 [15 U.S.C. §80b-14(a)].

**B.** **BRIEF THEORIES OF THE PARTIES**:

For Plaintiff: Defendants violated the securities laws by: 1) failing to disclose adequately the material conflicts of interest arising from their receipt of fees pursuant to Rule 12b-1 under the Investment Company Act of 1940 ("12b-1 fees") when purchasing, recommending or holding for advisory clients mutual fund share classes that charged 12b-1 fees even though lower-cost share classes of the same funds were available; and 2) breaching their duty to seek best execution for their clients by investing them in higher cost share classes of mutual funds when lower cost share classes were available. Defendant CapWealth Advisors, LLC also violated the securities laws by failing to implement policies and procedures to prevent violations of the securities laws and the rules thereunder in connection with its mutual fund share class selections.

For Defendants: The defendants did not violate the Investment Advisers Act of 1940, 15 U. S. C. § 80b (the "Advisers Act") in any respect. The individual defendants, Timothy J. Pagliara

("Pagliara") and Timothy R. Murphy ("Murphy") adequately disclosed to each client of CapWealth Advisors, LLC ("CapWealth") all facts material to the purchase of the shares of mutual funds about which the plaintiff complains. In addition, each individual defendant, to the extent the concept of "best execution" even applies to the purchase of mutual funds, which is denied, obtained best execution with respect to each purchase of mutual funds about which the plaintiff complains. Contrary to plaintiff's claims, CapWealth did not violate Section 206(4) of the Advisers Act [15 U. S. C. §80b-6(4)] and Rule 206(4)-7 thereunder [17 C. F. R. §275.206(4)-7] in any respect. CapWealth adopted and implemented written policies and procedures reasonably designed to prevent violations of the Advisers Act. The plaintiff is not entitled to any relief against any defendant, including any remedy of disgorgement or any civil fine or any injunctive relief.

    **C.**    **ISSUES RESOLVED**: Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE**:

1.    Whether any defendant, in violation of Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(2)], failed to disclose adequately to any investor any material conflict of interest arising from any defendant's receipt of fees pursuant to Rule 12b-1 under the Investment Company Act of 1940 ("12b-1 fees") in connection with the purchase or holding of any mutual funds.

2.    Whether any defendant had or breached any duty under Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)] to seek "best execution" in connection with the purchase of any mutual fund that paid any 12b-1 fees to such defendant.

3.    Whether Defendant CapWealth, in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7], failed to adopt and implement written compliance policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules thereunder in connection with its mutual fund share class selection practices.

4.    Whether Plaintiff is entitled to relief in the form of injunctions against Defendants.

5.    Whether Plaintiff is entitled to recover disgorgement and prejudgment interest from Defendants Pagliara and Murphy and the amount of any such

2

Case 3:20-cv-01064   Document 24   Filed 03/02/21   Page 2 of 5 PageID #: 319

disgorgement and prejudgment interest.

6. Whether Plaintiff is entitled to relief in the form of a civil penalty against each of the Defendants and the amount of any such penalty.

E. **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **April 2, 2021**.

F. **CASE RESOLUTION PLAN AND JOINT ADR REPORTS**: The parties must make a **minimum of two independent, substantive** attempts to resolve this case. By no later than **June 30, 2021**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement. By no later than **November 30, 2021**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

3

Case 3:20-cv-01064 Document 24 Filed 03/02/21 Page 3 of 5 PageID #: 320

**G. DISCOVERY**: The parties shall complete all written discovery and depose all fact witnesses on or before **November 2, 2021**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than **Oct 1, 2021**.

**H. MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties shall be filed by no later than **April 2, 2021**.

**I. DISCLOSURE OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **October 1, 2021**. The defendant shall identify and disclose all expert witnesses and reports on or before **November 2, 2021**. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J. DEPOSITIONS OF EXPERT WITNESSES**: All experts shall be deposed by no later than **November 30, 2021**.

**K. TELEPHONE STATUS CONFERENCE**. A status conference shall be held telephonically on **October 4, 2021 at 9:00 a.m.**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**L. DISPOSITIVE MOTIONS**: Dispositive motions shall be filed by no later than **January 31, 2022**. Responses to dispositive motions shall be filed within 28 days after the filing

of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

      **M.**    **ELECTRONIC DISCOVERY**. The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174-1 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

      **N.**    **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The jury trial of this action is expected to last approximately 10 days. A trial date no earlier than **June 14, 2022**, is respectfully requested.

      **IT IS SO ORDERED.**

                                    **JEFFREY S. FRENSLEY**
                                    **United States Magistrate Judge**