# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 3:20-cv-01064 |
| v. | Judge Waverly D. Crenshaw Jr./Magistrate Judge Jeffrey S. Frensley |
| CAPWEALTH ADVISORS, LLC *et al* | |
| Defendants. | JURY DEMAND |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS

Eugene N. Bulso, Jr. (BPR No. 12005)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
Tel: (615) 913-5135
gbulso@bulso.com
*Attorneys for Defendants*

Bradley J. Bondi (*pro hac vice*)
New York Bar No. 4432738
Sara E. Ortiz (*pro hac vice*)
New York Bar No. 5302070
CAHILL GORDON
32 Old Slip
New York, NY 10005
Tel: (212) 701-3710
bbondi@cahill.com
*Attorneys for Defendant
CapWealth Advisors, LLC*

# ARGUMENT

I. **COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM.**

A. **The Complaint Fails Adequately To Allege a Failure to Disclose.**

The defendants moved to dismiss Count I of the Complaint because the Securities and Exchange Commission (the "SEC") alleged in the Complaint only that defendants' *written* disclosures failed adequately to disclose an alleged conflict of interest and glaringly omitted any allegation that defendants' *oral* disclosures were deficient. (Dkt. 15 at 7) In response, the SEC—without citation to any paragraph of the Complaint—falsely claims, "The complaint also alleges that any oral disclosures by the individual defendants did not fully and accurately inform the client about the conflict of interest." (Dkt. 20 at 3, 4) This Court's review of the Complaint will confirm that there is no such allegation in the Complaint. In fact, a word search of the pdf version Complaint demonstrates that the word "oral" appears nowhere in the Complaint and that the Complaint focuses only on the "written" disclosures.

The SEC next claims that the Complaint adequately alleges insufficient disclosure of material conflcits of interest because defendant Timothy J. Pagliara ("Pagliara") "admitted that he did not disclose the purported conflict of interest because he did not believe there was one…" (Dkt. 20 at 4) This claim also is false. Mr. Pagliara testified to precisely the opposite. On page 114 of

1

the deposition to which the SEC referencesin the Complaint, Mr. Pagliara testified:

> Q   So, do you feel that any conflict of interest that related to 12b-1 fees was cured in some way through verbal disclosures that you made to clients?
>
> A   Verbal and written.

Deposition of Timothy J. Pagliara ("Pagliara dep.") at 114 (Exhibit 1 hereto)[1]

Mr. Pagliara expressly testified that he did disclose *in person* to his clients that the firm would receive 25 basis points for investments in mutual funds, which fee would be offset by a reduction in advisory fee or administrative fee charges to each client.[2] (Pagliara dep. 108) Thus, the SEC's attempt to use Mr. Pagliara's purported "admission" in his deposition to forestall dismissal of Count I entirely fails.

---

[1] Defendants pointed out in their initial Memorandum that documents attached to a motion to dismiss may be considered part of the pleadings if they are central to the plaintiff's claim. See Dkt. 15 at 3, n1. The SEC has explicitedly relied upon Mr. Pagliara's alleged admission in its pleadings. (Dkt. 1 ¶ 55) It is therefore appropriate for this Court to consider Mr. Pagliara's deposition in connection with defendants' Motion to Dismiss.

[2] Mr. Pagliara even discussed with his clients the difference between F1 shares of mutual funds, which pay 12b-1 fees, and F2 shares of mutual funds, which do not:

> Q   Okay.  In discussing 12b-1 fees with clients that might be generated by those types of mutual fund investments in 2016, did you highlight for them the different share classes, such as F1 and F2, in your discussions with clients, your verbal discussions?
>
> A.   Yes.

(*Id*. 109)

The SEC next attempts to salvage its claims for violation of Section 206(2) of the Advisers Act [15 U. S. C. § 80b-6(2)] by reference to defendant Timothy R. Murphy's ("Murphy") "misleading statements" to investors when questioned about his recommendations. (Dkt. 20 at 4) As defendants pointed out in their initial Memorandum (Dkt. 15 at 3, n1), however, Fed. R. Civ. P. 9(b) requires fraud to be pled with particularity. *See*, e.g., ***United States Securities and Exchange Commission v. Crowe***, 216 F.Supp.3d 852, 859 (S. D. Ohio 2016). Because the SEC's claims sound in fraud, its complaint also must satisfy Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud ... be stated with particularity." (quoting ***Yuhasz v. Brush Wellman, Inc***., 341 F.3d 559, 563 (6th Cir. 2003) (citing Fed. R. Civ. P. 9(b)). To satisfy Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation" as well as "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." ***Bennett v. MIS Corp***., 607 F.3d 1076, 1100 (6th Cir. 2010)(internal citations omitted)

The *only* allegations in the Complaint concerning Murphy's alleged misstatements appear at paragraphs 57 through 60. (Dkt. 1 ¶¶ 57-60) These allegations concern one alleged misstatement on August 16, 2018 and a second on March 17, 2019, both of which occurred *after* CapWealth had closed its affiliated broker-dealer CapWealth Investment Services, LLC and had ceased

3

collecting any 12b-1 fees. Otherwise stated, the *only* misstatements alleged in the Complaint could not have caused any injury to any investor. No investor relied upon any such misstatement to his detriment, and the Complaint fails to allege any such reliance or resulting injury. The insufficency of the SEC's allegations regarding Mr. Murphy could not be more apparent.

Finally, the SEC weakly argues that this Court should "infer" that the Complaint alleges insufficient oral disclosures. *See* Dkt. 20 at 7("…a reasonable inference…is that Pagliara never disclosed the material conflict of interest…); and Dkt. 20 at 8. This Court may not "infer" that Pagliara never disclosed the alleged conflict of interest when the document (Exhibit 1 hereto) upon which the admission upon which the SEC relies for its allegation (Dkt. 1 ¶ 55) says preceisely the opposite. *See **Smith v. General Motors LLC***, --- F.3d ----, 2021 WL 631475, *10 (6th Cir. February 18, 2021)(holding that no inference may be made with supporting facts) Further, the inference the SEC invites the Court to draw regarding Murphy is rank speculation, which fails to provide the particularly that Rule 9(b) demands. (*Id.*)

### B. The Complaint Fails Adequately To Allege a Claim for "Best Execution Failures."

The defendants established in their initial Memorandum that, as a legal matter, the concept of "best execution" has nothing whatsoever to do with the selection of share classes of a mutual fund. (Dkt. 15, pp. 8-11) The only legal authority the SEC has submitted to support the position espoused in its

4

Complaint, ***Malouf v. Securities and Exchange Commission***, 933 F.3d 1248 (10th 2019), has nothing to do with selection of mutual fund share classes and does nothing to alter the rule of law set out in the substantial body of legal authorities cited in defendants' Memorandum.

## II. COUNT II OF THE COMPLAINT FAILS TO STATE A CLAIM.

In Count II of its Complaint, the SEC alleges that, in violation of Section 206(4) of the Investment Advisers Act, defendant CapWealth Advisors, LLC "failed to adopt and implement written policies and procedures regarding best execution; failed to review prospectus materials on a regular basis to assess whether a client position in a particular share class should be converted to a different share class; and failed to disclose conflicts of interest in the context of mutual fund share class selection and 12b-1 fees." Dkt. 1 (Complaint) ¶¶ 95, 97 and 98. As demonstrated *supra* and in defendants' initial Memorandum, the SEC allegations lack both legal and factual support. In its Response, the SEC does not present to the Court *any* legal authority to support its allegations that CapWealth violated Section 206(4). *See* Dkt. 20 at 17-19. Count II therefore should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should grant defendants' Motion to Dismiss for Failure to State a Claim in all respects.

5

Respectfully submitted,

s/ Eugene N. Bulso Jr.
Eugene N. Bulso, Jr. (BPR No. 12005)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
Tel: (615) 913-5135
gbulso@bulso.com
*Attorneys for Defendants*


s/ Bradley J. Bondi
Bradley J. Bondi (*pro hac vice*)
New York Bar No. 4432738
Sara E. Ortiz (*pro hac vice*)
New York Bar No. 5302070
32 Old Slip
New York, NY 10005
Tel: (212) 701-3710
bbondi@cahill.com
*Attorneys for Defendant CapWealth Advisors, LLC*


## CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system, which is expected to deliver a copy by electronic means to the following on this 10th day of March 2021:

> M. Graham Loomis
> Kristin W. Murnahan
> Securities and Exchange Commission
> Atlanta Regional Office
> 950 East Paces Ferry Road, N.E.,
> Suite 900
> Atlanta, GA 30326-1382
> *Attorneys for Plaintiff*

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr.