UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br><br><br>CAPWEALTH ADVISORS, LLC, TIMOTHY J. PAGLIARA, AND TIMOTHY R. MURPHY,<br><br>              Defendants. | Case No. 3:20-cv-01064<br><br>JUDGES CRENSHAW/FRENSLEY<br><br><br><br>JURY TRIAL DEMANDED |

## PROTECTIVE ORDER

The parties having agreed to the terms of this Protective Order, it is ORDERED:

1.    Scope. All materials produced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as confidential by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; or (d) personal identity information. Information or documents that are available to the public may not be designated as Confidential Information.

3. Designation.

(a) A party or non-party may designate a document as Confidential Information for protection under this Order by (1) placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document, or (2) with regard to electronically stored information ("ESI"), serving on all parties of record a Notice of Designation that identifies the ESI being designated as Confidential Information by bates number whenever possible and, if not possible, by verbal description including data base description and source or custodian. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

(b) The designation of Confidential Information shall be made

prior to, or at, the time when the documents are produced or disclosed. Designating documents as Confidential Information does not mean that the documents have any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents designated as Confidential Information shall also be treated as Confidential Information, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be treated as Confidential Information.

(c) At the time of making any production of information designated Confidential to the SEC, the Producing Party shall simultaneously send a letter notifying the SEC's Office of Freedom of Information and Privacy Operations ("FOIA office") that the Producing Party requests confidential treatment under FOIA for the materials produced under this Order. The SEC will not reveal the Confidential Records to any third party pursuant to FOIA prior to notifying counsel for the Producing Party that such a request has been granted by the FOIA office. Nothing in this order shall be interpreted as restricting the SEC's obligations under FOIA.

(d) The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as

defined in this order.

4. Depositions.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than twenty-one days after the testimony was given. Within this time period, a party may serve on all parties of record a Notice of Designation as to specific portions of the testimony and deposition exhibits that are to be designated Confidential Information; thereafter only those portions and exhibits identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition and exhibits to that deposition as Confidential Information, unless otherwise ordered by the Court.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof and any SEC administrative proceeding arising from this matter.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    (2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3) The Court and its personnel;

    (4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

    (7) Such persons who the parties may or will call as a witness at the trial in this action, including any individual listed in the parties' initial disclosures;

    (8) Author or recipient. The author or recipient of the document (not including a person who received the document in the

course of litigation); and

    (9)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    (c)    Notwithstanding anything contained in this Order, however, no provision of this Order shall limit in any way the right of the SEC to share information, including Confidential Information, with other persons consistent with its list of Routine Uses set forth in SEC Form 1662 (Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena), including other federal, state, local, and foreign law enforcement agencies; securities self-regulatory organizations; national securities exchanges and national securities associations; SEC personnel for the purpose of investigating possible violations of the federal securities laws; and bar associations, state accountancy boards, and other licensing or oversight authorities. Nothing set forth in this Order shall apply in any way to the SEC's sharing of information consistent with its list of Routine Uses set forth in SEC Form 1662. Nothing set forth in this Order shall require the SEC to give notice when it shares information, including Confidential Information, pursuant to the list of Routine Uses set forth in SEC Form 1662. The parties acknowledge that they have received and understand SEC Form 1662.

(d) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party or non-party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Each party or non-party that designates information or items for protection as Confidential under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party shall also only designate for protection as Confidential only

7

those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection as Confidential do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

8. Filing of Confidential Information. In accordance with Section III.E of the Court's Practice and Procedure Manual and in order to comply with the requirement for public proceedings, while also protecting personal privacy and other legitimate interests, the parties may file documents designated as Confidential Information with the Court in connection with a motion, brief or other submission. Any such document shall be filed on the public record in accordance with the Local Rules of this Court but the filing party shall partially redact the following personal identifiers from all pleadings, including exhibits, unless otherwise ordered:

    a) Social Security Numbers - If an individual's social security

number must be included in a pleading, only the last four digits of that number should be used.

  b) Dates of birth - If an individual's date of birth must be included in a pleading, only the year should be used.

  c) Current financial account numbers - If a current active financial account number is relevant to the proceeding (i.e. an existing deposit account, demand deposit account, loan account, credit card account, or other account number, the public disclosure of which could result in the fraudulent compromise of the account), only the last four digits of the account numbers should be used.

  d) Home address. If a home address must be included, only the city and state should be listed.

 9. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

 10. Challenges by a Party to Designation as Confidential Information. The designation of any document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

  a) Meet and Confer. A party challenging the designation of

Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

      b)    Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the documents as Confidential Information under the terms of this Order.

11.    Action by the Court. Applications to the Court for an order relating to documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.    Use of Confidential Documents or Information at Trial. Nothing

10

Case 3:20-cv-01064   Document 31  Filed 06/29/21  Page 10 of 12 PageID #: 528

in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.

13. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

So Ordered.

Date: 6.29.21

_____
U.S. Magistrate Judge

11

| | |
|---|---|
| WE SO MOVE and agree to abide by the terms of this Order | WE SO MOVE and agree to abide by the terms of this Order |
| */s/ Eugene N. Bulso, Jr.* <br> Signature | */s/ Kristin W. Murnahan* <br> Signature |
| Eugene Bulso <br> Printed Name | Kristin W. Murnahan <br> Printed Name |
| Counsel for: Defendants | Counsel for: Plaintiff |
| Dated: June 28, 2021 | Dated: June 28, 2021 |