UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:20-cv-01064 |
| CAPWEALTH ADVISORS, LLC, TIMOTHY J. PAGLIARA, and TIMOTHY R. MURPHY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission ("SEC") filed this two-count action under the Investment Advisers Act, 15 U.S.C. § 80b-6 ("Advisers Act" or "Act"). Pending before the Court is Defendants' fully briefed Motion to Dismiss. (Doc. Nos. 14, 15, 20, 26). For the following reasons, the motion will be denied.

### I. FACTUAL ALLEGATIONS[1]

CapWealth is an SEC-registered investment adviser based in Franklin, Tennessee. (Compl. ¶ 20). Timothy Pagliara founded CapWealth and serves as its Chief Investment Officer. (Id. ¶ 21). Timothy Murphy serves as Managing Director of Wealth Management. (Id. ¶ 22). Both Pagliara and Murphy are also Investment Adviser Representatives ("IARs") (Id.). CapWealth, Pagliara, and Murphy regularly invest client assets in mutual funds, which "pools money from many investors into securities or other assets." (Id. ¶ 23).

---

[1] The relevant background and facts necessary to resolve the pending motion to dismiss are drawn from the Complaint (Doc. No. 1) ("Compl.") and are accepted as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

The SEC alleges that between June 2015 and June 2018, CapWealth, Pagliara, and Murphy (the "Defendants") invested client money in mutual fund shares that provided a lower return than available mutual funds, in contravention of their fiduciary duty. (Id. ¶¶ 1–4). The SEC also claims that Defendants invested client money into share classes that charged fees under Rule 12b-1 of the Advisers Act ("12b-1 fees"), even though alternatives without fees existed. (Id. ¶¶ 1, 40, 52–53, 61, 88). Defendants' investment practices allegedly caused clients to pay more than $450,000 in avoidable 12b-1 fees, some of which went directly to Pagliara and Murphy as compensation and potentially created a conflict of interest. (Id. ¶¶ 21–22).

The SEC brings two claims against Defendants: (1) Pagliara and Murphy violated Section 206(2) of the Advisers Act by failing to disclose "all material facts," including "actual or potential conflicts of interest," (Compl. ¶¶ 63–86), and by failing to secure "best execution" for clients by investing in share classes that lacked fees, (Id. ¶¶ 87–93) (Count I); and (2) CapWealth violated Section 206(4) of the Advisers Act, and Rule 206(4)-7 thereunder, by "failing to adopt and implement written policies and procedures reasonably designed to prevent violations." (Count II) (Id. ¶ 94). The SEC seeks disgorgement, civil fines, and a permanent injunction enjoining Defendants from violating the Act. (Id. ¶¶ 26–27). Defendants have now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 14).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept all of the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum,

2

903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). But "[w]hile the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" Blackwell, 979 F.3d at 524 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III. ANALYSIS

Defendants move to dismiss both counts for failure to state a claim. The Court will address each count in turn.

### A. Count I

In Count I, the SEC alleges that Defendants violated two fiduciary duties inherent in Section 206(2) of the Advisers Act: (1) the duty to disclose; and (2) the duty to secure "best execution" for their clients. Defendants counter that the SEC fails to "allege that the totality of the disclosures made to investors . . . violated Section 206(2)," and that "any purported failure to obtain 'best execution' was material." (Doc. No. 15 at 3).

#### 1. Duty to Disclose

Congress passed the Adviser's Act, including Section 206(2), "to eliminate, or at least to expose, all conflicts of interest which might incline an investment adviser—consciously or unconsciously—to render advice which was not disinterested." SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 191–92 (1963). Under Section 206(2), an investment adviser cannot engage "in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client." 15 U.S.C. § 80b-6(2). Courts have, through these statutory

3

proscriptions, imposed on investment advisers a fiduciary duty of "utmost good faith, and full and fair disclosure of material facts," and "an affirmative obligation to employ reasonable care to avoid misleading [one's] clients." Capital Gains, 375 U.S. at 194 (internal citations and quotations omitted). "Although there is no specifically enumerated duty to disclose in section 206(2), an investment advis[e]r can avoid committing fraud on its clients by disclosing material information to them." SEC v. DiBella, 587 F.3d 553, 568 (2d Cir. 2009) (citing Capital Gains, 375 U.S. at 181–82).

The Government "need not show intent to make out a section 206(2) violation," nor must it "establish all the elements of fraud that would be required in a suit against a party to an arm's length transaction." Aaron v. SEC, 446 U.S. 680, 692 (1980); see also SEC v. Onyx Capital Advisors, LLC, No. 10-11633, at *21, 2012 WL 4849890, at *21 (E.D. Mich. Oct. 11, 2012). In other words, "[l]iability under § 206(2) requires only simple negligence." Malouf v. SEC, 933 F.3d 1248, 1263 (10th Cir. 2019) (citing Robare Grp., Ltd. v. SEC, 922 F.3d 468, 472 (D.C. Cir. 2019)). Thus, to establish liability under Section 206(2), the Government must prove: "(1) the Defendant is an investment adviser; (2) the Defendant used the mails or any other means or instrumentality of interstate commerce, directly or indirectly (3) to make a misstatement or omission of material fact to a client or prospective client; and (4) the Defendant acted negligently." Morris v. Wachovia Secs., Inc., 277 F. Supp. 2d 622, 644 (E.D. Va. 2003) (citing Capital Gains, 375 U.S. at 191–92, 194); see also SEC v. Blavin, 760 F.2d 706, 711 (6th Cir. 1985); SEC v. Merrill Scott & Assocs., Ltd., 505 F. Supp. 2d 1193, 1215 (D. Utah 2007).

Having reviewed the factual allegations in the light most favorable to the SEC, the Court can reasonably infer a Section 206(2) violation. First, the SEC alleges that Defendants were investment advisers subject to the Advisers Act. (Compl. ¶¶ 6, 8, 10). Second, the SEC alleges that

4

Case 3:20-cv-01064 Document 33 Filed 07/23/21 Page 4 of 9 PageID #: 536

Defendants used "the mails or means or instrumentalities of interstate commerce, [and] directly and indirectly engaged in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients." (Id. ¶ 102). Third, the SEC alleges that Defendants "failed to disclose adequately the conflicts of interests with respect to 12b-1 fees," (Compl. ¶ 7), and that neither Pagliara nor Murphy disclosed in various documents to clients, including Forms ADV Part 2B Brochure Supplements, their receipt of 12b-1 fees. (Id. ¶¶ 7–11). The SEC also alleges that Defendants breached their affirmative obligation to employ reasonable care to avoid misleading [one's] clients," Capital Gains, 375 U.S. at 194, by providing misleading explanations. (Compl. ¶¶ 56–60). And fourth, the SEC alleges that Defendants' misleading statements were knowing, i.e., a state of mind "more culpable than the negligence required under § 206(2)." Morris, 277 F. Supp. 2d at 644–45.

Defendants primarily challenge the materiality of their disclosures. (See Doc. No. 15 at 7). According to Defendants, "[a]lleging that there was a failure to disclose in 'documents' is insufficient as a matter of law." (Id.). Instead, they argue that the SEC must have alleged a failure to disclose "in any manner." (Id.) (emphasis supplied). Defendants further argue that the fees CapWealth received were *de minimis* and constituted no real financial detriment to clients. (Id.). These arguments are unavailing. Nothing in the case law requires the SEC to allege a failure to disclose "in any manner," in order to satisfy the pleading standard for a Section 206(2) violation, as Defendants contend. "[T]he better reading of [S]ection 206 is that it prohibits failures to disclose material information" ad hoc, "not just affirmative frauds," such as failing to disclose in any manner. See Wash. Inv. Network, 475 F.3d 392, 404 (D.C. Cir. 2007).

In sum, the SEC's allegations adequately allege the elements of a Section 206(2) violation. See Morris, 277 F. Supp. 2d at 644–45; Merrill Scott, 505 F. Supp. 2d at 1215; see also SEC v.

5

Peters, No. 5:17-CV-630-D, 2021 WL 1112387, at *7 (E.D.N.C. Mar. 22, 2021); SEC v. Yorkville Advisors, LLC, No. 12 Civ. 7728(GBD), 2013 WL 3989054, at *4 (S.D.N.Y. Aug. 2, 2013). Accordingly, Defendants' Motion to Dismiss the SEC's duty to disclose claim within Count I will be denied.

2. Best Execution

The fiduciary duty that encompasses a duty to disclose also includes a duty of best execution. Malouf, 933 F.3d at 1265 (citing Capital Gains, 275 U.S. at 191–92). Best execution requires an investment adviser to "use reasonable diligence to ascertain the best market for the subject security and buy or sell in such market so that the resultant price to the customer is as favorable as possible under prevailing market conditions." Id. (citing Financial Industry Regulatory Authority Manual, Rule 5310(a)(1)). Put another way, the duty requires the fiduciary to seek "the most favorable terms reasonably available under the circumstances." German v. SEC, 334 F.3d 1183, 1186 (10th Cir. 2003).

Because the elements required to plead a duty of best execution are the same as those for the duty to disclose, the Court need not spill significant ink in concluding that the SEC has adequately pled a Section 206(2) best execution violation. The SEC sufficiently alleges that Defendants violated their duty of best execution by investing in mutual fund share classes that included 12b-1 fees when alternatives without fees existed. (Compl. ¶¶ 87–93). In doing so, the SEC has pled that Defendants have breached their fiduciary duty, to "ascertain the best market for the subject security," and secure the most favorable price as possible. Malouf, 933 F.3d at 1265. And the SEC alleges that this breach similarly constitutes "a fraud and deceit upon clients and prospective clients" under Section 206(2). (Compl. ¶ 102). Thus, for the reasons already discussed in Section III.A.1 *supra*, the SEC has adequately alleged, at this early stage of the litigation, a

6

Case 3:20-cv-01064   Document 33   Filed 07/23/21   Page 6 of 9 PageID #: 538

Peters, No. 5:17-CV-630-D, 2021 WL 1112387, at *7 (E.D.N.C. Mar. 22, 2021); SEC v. Yorkville Advisors, LLC, No. 12 Civ. 7728(GBD), 2013 WL 3989054, at *4 (S.D.N.Y. Aug. 2, 2013). Accordingly, Defendants' Motion to Dismiss the SEC's duty to disclose claim within Count I will be denied.

2. Best Execution

The fiduciary duty that encompasses a duty to disclose also includes a duty of best execution. Malouf, 933 F.3d at 1265 (citing Capital Gains, 275 U.S. at 191–92). Best execution requires an investment adviser to "use reasonable diligence to ascertain the best market for the subject security and buy or sell in such market so that the resultant price to the customer is as favorable as possible under prevailing market conditions." Id. (citing Financial Industry Regulatory Authority Manual, Rule 5310(a)(1)). Put another way, the duty requires the fiduciary to seek "the most favorable terms reasonably available under the circumstances." German v. SEC, 334 F.3d 1183, 1186 (10th Cir. 2003).

Because the elements required to plead a duty of best execution are the same as those for the duty to disclose, the Court need not spill significant ink in concluding that the SEC has adequately pled a Section 206(2) best execution violation. The SEC sufficiently alleges that Defendants violated their duty of best execution by investing in mutual fund share classes that included 12b-1 fees when alternatives without fees existed. (Compl. ¶¶ 87–93). In doing so, the SEC has pled that Defendants have breached their fiduciary duty, to "ascertain the best market for the subject security," and secure the most favorable price as possible. Malouf, 933 F.3d at 1265. And the SEC alleges that this breach similarly constitutes "a fraud and deceit upon clients and prospective clients" under Section 206(2). (Compl. ¶ 102). Thus, for the reasons already discussed in Section III.A.1 *supra*, the SEC has adequately alleged, at this early stage of the litigation, a

Section 206(2) violation, which also includes breaches of both a duty to disclose and a duty of best execution. See id. (citing Capital Gains, 275 U.S. at 191–92).

Accordingly, Defendants' Motion to Dismiss the SEC's duty of best execution claim within Count I will be denied.

   B.   Count II

In Count II, the SEC alleges that CapWealth violated Section 206(4) of the Advisers Act, and Rule 206(4)-7 thereunder, by "fail[ing] to adopt and implement written policies and procedures reasonably designed to prevent Defendants' inadequate conflicts disclosures and failure to seek best execution arising from their mutual fund share class selection practices." (Compl. ¶ 106). The SEC requests injunctive relief in order to enjoin Defendants from continuing Section 206(4) violations. (Id. ¶ 107).

"Section 206(4) makes it unlawful for an investment adviser to engage in any act which is fraudulent, deceptive or manipulative." Blavin, 557 F. Supp. at 1315. "To implement these prohibitions, the SEC requires investment advisers to '[a]dopt and implement written policies and procedures reasonably designed to prevent violation[s]." Koch v. SEC, 793 F.3d 147, 150 (D.C. Cir. 2015) (citing 17 C.F.R. § 275.206(4)-7(a)). "The elements of an offense under . . . [Section] 206(4) of the Advisers Act are identical to those under" Section 206(2), as described above. See Van Dyke v. Sovereign Int'l Asset Mgm't, Inc., No. 4:09CV2823, 2011 WL 4631925, at *8 (N.D. Ohio Sept. 30, 2011).

Having reviewed the factual allegations in the light most favorable to the SEC, as is required at the motion to dismiss stage, the Court can infer a Section 206(4) violation. The SEC alleges various "compliance deficiencies" by CapWealth, including: (1) a failure to apply conflict disclosure policies to share class selection practices; (2) a failure to adopt a process for "regularly

7

reviewing fund prospectus materials to assess whether a client had become eligible for conversion to a lower-cost share class without 12b-1 fees"; and (3) a failure to implement its "best execution" policy to mutual fund share class selections for clients' new purchases." (Compl. ¶¶ 94–99). The SEC alleges that these deficiencies constituted a failure to "adopt and implement written policies and procedures reasonably designed to prevent" violations. (Id. ¶ 106). Defendants counterargue that they had no legal duty to "review the prospectus materials of all mutual funds on a regular basis," and that CapWealth's policies contained no provision for conflicts in the selection of mutual fund share classes because no such conflict existed." (See Doc. No. 13–15). But these arguments are premature and do not obviate the notion that the SEC has satisfied its pleading burden. See Morris, 277 F. Supp. 2d at 644–45; see also Merrill Scott, 505 F. Supp. 2d at 1215.

In sum, the SEC sufficiently alleges the elements of a Section 206(4) violation at the motion to dismiss stage. See Peters, 2021 WL 1112387, at *7; Yorkville Advisors, LLC, 2013 WL 3989054, at *4. Accordingly, Defendants' Motion to Dismiss Count II will be denied.

### C. Injunctive Relief

As a final matter, the Court turns to Defendants' argument pertaining to injunctive relief. The SEC seeks "[a] permanent injunction enjoining . . . CapWealth from violating, directly or indirectly, Section [206(2) and Section] 206(4) of the Adviser's Act . . . and Rule 206(4)-7 thereunder . . . ." (Compl. at 26). Defendants argue the requested relief is an improper "obey the law" injunction that does not meet the specificity requirements under Federal Rule of Civil Procedure 65. (See Doc. No. 15 at 15–16). But, as with their other arguments regarding CapWealth's policies and procedures, Defendants' arguments on injunctive relief are premature at the motion to dismiss stage. See SEC v. Tambone, 802 F. Supp. 2d 299, 306 (D. Mass. 2011)

8

Case 3:20-cv-01064   Document 33   Filed 07/23/21   Page 8 of 9 PageID #: 540

(collecting cases and finding that "precluding the S.E.C. from seeking a preliminary injunction at" even the summary judgment stage is premature because discovery "is in progress").[2]

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**. Counts I and II will proceed. Further, the parties shall proceed to mediation within 45 days of this Order and file a joint notice within 10 days, of the name of the mediator and date of the mediation.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Even if Defendants' arguments were not premature, the SEC has adequately pled a reasonable likelihood of future violations, which is all that is required at the motion to dismiss stage. See SEC v. Landberg, 836 F. Supp. 2d 148, 158 (S.D.N.Y. 2011). The Complaint alleges that Defendants knew or should have known their fiduciary duties to disclose and "best execute," and nonetheless engaged in conduct that violated the Advisers Act. (See Compl. ¶¶ 45, 70). These allegations are enough to request injunctive relief.