UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPWEALTH ADVISORS, LLC, TIMOTHY J. PAGLIARA, AND TIMOTHY R. MURPHY,<br><br>Defendants. | Case No. 3:20-cv-01064<br><br>JUDGES CRENSHAW/FRENSLEY<br><br>JURY TRIAL DEMANDED |

## JOINT PROPOSED PRETRIAL ORDER

1.

The pleadings are amended to conform to the Pretrial Order. The Pretrial Order supplants the pleadings in this matter.

2.

The court has jurisdiction pursuant to Section 214(a) of the Investment Advisers Act of 1940 [15 U.S.C. §80b-14(a)] ("Advisers Act").

3.

A short summary of the Plaintiff's theory of the case:

Defendants violated the securities laws by: 1) failing to disclose adequately the material conflicts of interest arising from their receipt of fees pursuant to Rule 12b-1 under the Investment Company Act of 1940 ("12b-1 fees") when purchasing, recommending, or holding for advisory clients mutual fund share classes that charged 12b-1 fees even though lower-cost share classes of the same funds were available; 2) breaching their duty to act in their clients best interest when purchasing, recommending, or holding for advisory clients mutual fund share classes that charged 12b-1 fees even though lower-cost share classes of the same funds were available; and 3) breaching their duty to seek best execution for their clients by investing them in higher cost share classes of mutual funds when lower cost share classes were available. The plaintiff contends that the discounts to advisory fees that Defendants claim to have given to certain clients are no defense. For example, Defendants invested multiple clients in shares classes that charged 12b-1 fees without giving any such discounts. Defendant CapWealth Advisors, LLC also violated the securities laws by failing to implement policies and procedures to prevent violations of the securities laws and the rules thereunder in connection with its mutual fund share class selections.

4.

A short summary of the Defendants' theory of the case: The defendants did not violate the Investment Advisers Act of 1940, 15 U. S. C. § 80b (the "Advisers Act") in any respect. The individual defendants, Timothy J. Pagliara("Pagliara") and Timothy R. Murphy ("Murphy") at all times acted in the best interests of their clients. The defendants adequately disclosed to each client of CapWealth Advisors, LLC ("CapWealth") all facts material to the purchase of the shares of mutual funds about which the plaintiff complains. The defendants purchased for each client those funds that provided the best return, net of taxes, to each client. The defendants even discounted

the advisory fees such clients would otherwise be charged to offset the 12b-1 fees about which the plaintiff complains. Further, contrary to plaintiff's claims, CapWealth did not violate Section 206(4) of the Advisers Act [15 U. S. C. §80b-6(4)] and Rule 206(4)-7 thereunder [17 C. F. R. §275.206(4)-7] in any respect. CapWealth adopted and implemented written policies and procedures reasonably designed to prevent violations of the Advisers Act. The plaintiff is not entitled to any relief against any defendant, including any remedy of disgorgement or any civil fine or any injunctive relief.

5.

A statement of the issues, including a designation of which issues are for the jury and which issues are for the Court:

(1)     The jury shall decide whether the Commission has established by a preponderance of the evidence that each of the Defendants violated Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)] as to any investor.

(2)     The jury shall decide whether the Commission has established by a preponderance of the evidence that Defendant CapWealth Advisors LLC violated Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7] by failing to adopt and implement written compliance policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules thereunder in connection with its mutual fund share class selection practices.

(3)     The Court shall decide whether Plaintiff is entitled to relief in the form of injunctions against Defendants.

3

(4) The Court shall decide whether Plaintiff is entitled to recover disgorgement and prejudgment interest from Defendants Pagliara and Murphy and the amount of any such disgorgement and prejudgment interest.

(5) The Court shall decide whether Plaintiff is entitled to relief in the form of a civil penalty against each of the Defendants and the amount of any such penalty.

6.

A succinct statement of the relief sought:

As to each defendant, the Commission seeks injunctions against future violations of any provision of the Advisers Act that that defendant is found to have violated, disgorgement of all ill-gotten gains plus prejudgment interest (Pagliara and Murphy), and civil penalties.

7.

A summary of any anticipated evidentiary disputes:

(1) The parties have each filed a *Daubert* motion to exclude the testimony of the other party's expert witness (Dr. Gary Gibbons and Professor Jonathan R. Macey).

(2) The Commission has filed a motion in limine to exclude the following evidence at trial:

    (a) evidence regarding the SEC's pre-filing investigation, including the testimony of SEC attorneys, the SEC's examination of CapWealth, and the SEC's Share Class Selection Disclosure Initiative;

    (b) evidence from the defendants' compliance consultant that their disclosures regarding 12b-1 fees were lawful;

(c) evidence regarding any harm from the SEC's investigation or the resulting litigation;

(d) evidence regarding the defendants' character;

(e) opinion testimony regarding the defendants' state of mind; and

(f) evidence regarding Mr. Francisco Ayala's bankruptcy.

(3) The Commission has also filed a motion in limine to admit certain business and public records.

8.

The parties estimate that the trial will last 7-8 days.

It is so ORDERED.

_____
Waverly D. Crenshaw, Jr.
Chief United States District Judge

Dated: May 27, 2022

Respectfully submitted,

/s/ Harry B. Roback
M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Tel: (404) 842-7622
Email: loomism@sec.gov

William P. Hicks
Senior Trial Counsel
Georgia Bar No. 351649
Tel: (404) 842-7675

5

Email: hicksw@sec.gov

Kristin W. Murnahan
Senior Trial Counsel
Georgia Bar No. 759054
Tel: (404) 842-7655
Email: murnahank@sec.gov

Harry B. Roback
Senior Trial Counsel
Tennessee Bar No. 021665
Tel: (404) 942-0690
Email: robackh@sec.gov

*COUNSEL FOR PLAINTIFF*
Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Tel (main): (404) 842-7600
Fax: (703) 813-9364


/s/ Eugene N. Bulso Jr.
Eugene N. Bulso, Jr. (BPR No. 12005)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
Tel: (615) 913-5135
gbulso@bulso.com

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

       This is to certify that on May 27, 2022, I caused the following Joint Proposed Pretrial Order to be served on the following counsel for defendants through the Court's ECF system:

Bradley J. Bondi
Cahill Gordon & Reindel LLP
1990 K Street, N.W.
Suite 950
Washington, DC 20006


Eugene N. Bulso, Jr.
Eric W. Smith
Bulso PLC
155 Franklin Road
Suite 400
Brentwood, TN 37027


Sara E. Ortiz
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005


                                                    */s/* Harry B. Roback
                                                    Counsel for Plaintiff

4878-1296-6178.1

Case 3:20-cv-01064   Document 101   Filed 05/27/22   Page 7 of 7 PageID #: 4263