# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:20-cv-01064** |
| | **JUDGES CRENSHAW/FRENSLEY** |
| **CAPWEALTH ADVISORS, LLC, TIMOTHY J. PAGLIARA, AND TIMOTHY R. MURPHY,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## THE PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Charge No. 1**

**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

1

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and

Case 3:20-cv-01064   Document 102   Filed 05/27/22   Page 2 of 21 PageID #: 4265

no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Overview of SEC and Securities Laws

The plaintiff in this case is the Securities and Exchange Commission, which I will refer to as the "SEC." The SEC is a government agency that enforces the federal securities laws. The law at issue in this case is called the Investment Advisers Act of 1940, which I will refer to as the "Advisers Act." Congress passed the Advisers Act to protect investors and to achieve a high standard of ethics in the securities industry.

Overview of Defendants

The defendants in the case are CapWealth Advisors, LLC, which is an investment advisory firm; Timothy J. Pagliara, an investment adviser representative at the firm; and Timothy R. Murphy, who also works at the firm as an investment adviser representative.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Securities and Exchange Commission or SEC, claims that the defendants violated

Section 206(2) of the Advisers Act when selecting mutual fund shares for certain clients' accounts. Specifically, the SEC alleges that the defendants invested or kept their advisory clients invested in share classes of mutual funds that charged additional fees even though share classes of the exact same mutual funds were available that did not incur such fees and were a lower cost for their clients and that they did not advise their clients of the availability of the lower cost shares. As a result, the SEC claims that between June 2015 and June 2018, Defendants caused their advisory clients, to whom they owed a fiduciary duty, unnecessarily to pay more than $430,000 in unnecessary fees. The SEC contends that the discounts to advisory fees that some clients received did not excuse Defendants' conduct. Many clients who owned share classes that charged 12b-1 fees did not receive any discount to their advisory fee and many discounts given to other clients did not fully offset the 12b-1 fees. The SEC further alleges that Defendant CapWealth Advisors, LLC also violated Section 206(4) of the Advisers Act and Rule 206(4)-7 by failing to adopt and implement written policies and procedures to prevent these violations. Defendants deny those claims.

The defendants deny the SEC claims. The defendants claim that they always disclosed the fees charged to clients for the purchase of mutual funds and that they always acted in the best interests of their clients when selecting mutual funds. Defendants selected some funds that paid 12b-1 fees because doing so was in the best financial interests of the clients. Defendants discounted their standard advisory fee in such cases so that a portion of the fee could be paid inside of a mutual fund, where fees were tax deductible. The combination of the tax benefit and the discount resulted in clients receiving a better return than if defendants had selected a mutual fund that did not pay a 12b-1 fee.

Burden of proof:

The "preponderance of the evidence" standard means the SEC must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring SEC and the evidence favoring CapWealth, Mr. Pagliara and Mr. Murphy on opposite sides of balancing scales, the SEC needs to make the scales tip to its side. If the SEC fails to meet this burden, you must find in favor of CapWealth, Mr. Pagliara and Mr. Murphy.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

4

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Sources</u>:  11th Circuit Pattern Jury Instruction 1.1; *SEC v. Tourre*, 10-cv-3229, (S.D.N.Y. 2014) (explaining burden of proof for SEC cases); *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 186 (1963)(explaining purpose of the Investment Advisers Act of 1940).

## **TRIAL INSTRUCTIONS**

## **Proposed Charge No. 2**

## **Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

In this case, the parties have stipulated that the following facts are true:  [The parties are still conferring regarding possible stipulations in this matter.]

Source:  11th Circuit Pattern Jury Instructions No. 2.1

**POST TRIAL INSTRUCTIONS**

**Proposed Charge No. 3**

**Introduction**

Members of the jury: It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Source: 11th Circuit Pattern Jury Instruction No. 3.1

**Proposed Charge No. 4**

**Duty to Follow Instructions- Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that CapWealth, a limited liability company, is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

The fact that the SEC, a governmental agency, is involved as a party also must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

Sources: 11th Circuit Pattern Jury Instruction No. 3.2.2; *SEC v. Pirrello,* Case No. 1:16-cv-2459-WMR, Docket No. 341 (Jury Charges) at 1-2 (Aug. 13, 2019 NDGA) (explaining that SEC stands equal before the law).

**Proposed Charge No. 5**

**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that — your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the SEC has proved each defendant liable by a preponderance of the evidence.

Source: 6th Circuit Pattern Jury Instr. 8.04

**Proposed Charge No. 6**

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>Source</u>:  11th Circuit Pattern Jury Instruction No. 3.3

10

**Proposed Charge No. 7**

**Credibility of the Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.

Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Source:  6th Circuit Pattern Jury Instructions, 1.07

**Proposed Charge No. 8**

**Opinion Testimony**

(1) You have heard the testimony of Dr. Gary Gibbons and Mr. Jonathan R. Macey, who both testified as opinion witnesses.

(2) You do not have to accept Dr. Gibbons or Mr. Macey's opinions.  In deciding how much weight to give it, you should consider each witness's qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Source</u>:  6th Circuit Pattern Jury Instructions 7.03

**Proposed Charge No. 9**

**Missing Witnesses**

You may have heard the names of certain people or entities during the course of the trial who did not testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.

Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called. Their absence should not affect your judgment in any way.

Source: Pattern Civil Jury Instruction § 2.9 (5th Cir. 2020)

**Proposed Charge No. 10**

**Responsibility for Proof – Plaintiff's Claims– Preponderance of the Evidence**

As I mentioned at the beginning of the trial, this is a civil rather than a criminal case. Thus, the SEC is not required to prove its case beyond a reasonable doubt. Rather, in this case, it is the responsibility of the SEC to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the SEC's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the SEC. When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the SEC's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

Sources: 11th Circuit Pattern Jury Instruction No. 3.7.1; *SEC v. Tourre*, 10-cv-3229, (S.D.N.Y. 2014) (explaining burden of proof for SEC cases)

**Proposed Charge No. 11**

**Charts and Summaries Admitted Into Evidence**

Charts or summaries have been prepared by the parties, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

Source:  K. O'Malley, J. Grenig and Hon. William C. Lee, 1*A Federal Jury Practice and Instructions* § 14:02 (6th ed.) (February 2020 update)**Proposed Charge No. 12**

**Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claim.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Source:  6th Circuit Pattern Jury Instr. 1.09

**Proposed Charge No. 13**

**Substantive Law: Section 206(2) of the Advisers Act**

I will now instruct you in the law that is at issue in this case.

The SEC claims that Defendants CapWealth Advisors, LLC, Timothy J. Pagliara, and Timothy R. Murphy, each violated a provision of the Advisers Act called Section 206(2). To prevail on its Section 206(2) claim against any defendant, the SEC must establish each of the following elements by a preponderance of the evidence for that defendant:

*First:* That the defendant was an investment adviser;

*Second:* That the defendant used the mails or an instrumentality of interstate commerce in connection with their conduct;

*Third:* That the defendant engaged in a transaction, practice, or course of business which operated as a fraud or deceit upon any client or prospective client; and

*Fourth*: That the defendant acted at least negligently.

Here, there is no dispute as to the first two elements. The parties agree that defendants are investment advisers who used the mail as part of their business.

c.    *Third Element: "Operates As a Fraud"*

The third element the SEC must prove is that the defendants engaged in a transaction, practice, or course of business which operated as a fraud or deceit upon any client or prospective client. The SEC may prove this element by proving that the defendants breached one of the fiduciary duties that they owed to their clients.

Fiduciary duties are the highest duties known to the law. Investment advisers who oversee a client's investments owe every client fiduciary duties.

The Parties are submitting separate proposals for this portion of this instruction

*Informed Consent*

As I mentioned earlier, you cannot find the defendants liable for breaching their fiduciary duties if the defendants obtained their clients' informed consent to their 12b-1 fee arrangement. Again, to obtain informed consent, the defendants had to disclose to their clients all of the information that an ordinary investor would reasonably have needed to understand and consent

17

to the defendants' 12b-1 fee arrangement. Accordingly, you should evaluate whether the defendants disclosed enough information to obtain their clients' informed consent in the same way you will evaluate whether the defendants satisfied their duty to disclose their conflict of interest.

It is the defendants' burden to prove that they gave their clients enough information to obtain their informed consent to the defendants' 12b-1 fee arrangement. A client can provide consent implicitly by simply continuing the advisory relationship after the client has received all the relevant information. So the defendants do not need to show that their clients expressly stated their consent to the defendants' 12b-1 fee arrangement. Instead, the defendants need only show that they provided their clients adequate information.

Now that we have discussed the third element of the SEC's claim, the three fiduciary duties that are relevant to that element—the duties of best interest, best execution, and conflict disclosure—and the defendants' consent defense, I will tell you about the fourth element of the SEC's claim.

## Fourth Element: State of Mind

The fourth element of the SEC's claim focuses on the defendants' state of mind.

Specifically, the SEC must prove that the defendants either knew or should have known that they were breaching their fiduciary duty to their clients. The SEC can satisfy this element by proving that the defendants acted either negligently, recklessly, or knowingly.

An adviser acts "negligently" if he fails to use reasonable care under the circumstances, which is the degree of care that a reasonably careful person would use under those circumstances. Negligence of an investment adviser is judged against a standard of reasonable prudence, regardless of whether others in the industry engaged in the same conduct.

While the SEC need only show that the defendants acted negligently to prevail in this case, the SEC will also prevail if you find the defendants acted with a higher degree of intent, such as recklessly or knowingly.

Source: *SEC v. Ambassador Advisors, LLC, et al,* Case No. 5:20-cv-02274-JMG (E. D Pa. Mar. 23, 2022) [Dkt No. 168 at pp.15-24] (Jury instructions read to the jury)

**Proposed Charge No. 14**

**Substantive Law: Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder**

The SEC also claims that Defendant CapWealth Advisors, LLC violated Section 206(4) of the Advisers Act and Rule 206(4)-7 promulgated thereunder. Those provisions required CapWealth to adopt and implement written compliance policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules thereunder by the investment adviser and its supervised persons, and to review the adequacy of those policies and procedures and the effectiveness of their implementation, at least annually.

To prevail on its claim under § 206(4), Plaintiff must prove that CapWealth (1) failed to adopt adequate written compliance policies and procedures and (2) did so at least negligently.

     *a.  Adequate compliance policies and procedures*

The federal securities laws do not enumerate specific elements that advisers must include in their written policies and procedures. To be adequate, the written policies and procedures must identify conflicts of interest and other compliance factors creating risk exposure for the firm and its clients in light of the firm's particular operations, and then design policies and procedures that address those risks. The policies and procedures must also address the firm's trading practices, including procedures by which the adviser satisfies its best execution obligation, as well as the accuracy of disclosures made to investors, clients, and regulators. The policies and procedures should be designed to prevent violations from occurring, detect violations that have occurred, and correct promptly any violations that have occurred.

     *b.  Negligence*

The term negligence has the same meaning as I previously provided to you.

Sources: *SEC v. Ambassador Advisors, LLC, et al,* Case No. 5:20-cv-02274-JMG (E. D Pa. Mar. 23, 2022) [Dkt No.73] (Summary Judgment Opinion) at pp. 22-23; *Compliance Programs of Inv. Cos. & Inv. Adv.*, 68 Fed. Reg. 74714, 74715-16 (Dec. 24, 2003) (addressing what makes adviser's policies and procedures adequate).

Dated: May 27, 2022              Respectfully submitted,

                              /s/ Harry B. Roback
                              M. Graham Loomis
                              Regional Trial Counsel
                              Georgia Bar No. 457868
                              Tel: (404) 842-7622
                              Email: loomism@sec.gov

William P. Hicks
Senior Trial Counsel
Georgia Bar No. 351649
Tel:  (404) 842-7675
Email:  hicksw@sec.gov

Kristin W. Murnahan
Senior Trial Counsel
Georgia Bar No. 759054
Tel: (404) 842-7655
Email: murnahank@sec.gov

Harry B. Roback
Senior Trial Counsel
Tennessee Bar No. 021665
Tel: (404) 942-0690
Email: robackh@sec.gov

*COUNSEL FOR PLAINTIFF*
Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA  30326-1382
Tel (main): (404) 842-7600
Fax: (703) 813-9364


/s/ Eugene N. Bulso Jr.
Eugene N. Bulso, Jr. (BPR No. 12005)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
Tel: (615) 913-5135
gbulso@bulso.com

*Counsel for Defendants*

20

## **CERTIFICATE OF SERVICE**

This is to certify that on May 27, 2022, I caused the following Joint Proposed Jury Instructions to be served on the following counsel for defendants through the Court's ECF system:

Bradley J. Bondi
Cahill Gordon & Reindel LLP
1990 K Street, N.W.
Suite 950
Washington, DC 20006


Eugene N. Bulso, Jr.
Eric W. Smith
Bulso PLC
155 Franklin Road
Suite 400
Brentwood, TN 37027


Sara E. Ortiz
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005

*/s/* Harry B. Roback
Counsel for Plaintiff